UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO: 3:19-cv-01001-BJD-PDB

JANET HOYT,

    Plaintiff,

v.

RBHV JACKSONVILLE LLC d/b/a SHERATON,

    Defendant.
_____/

## ANSWER TO COMPLAINT

Defendant, RBHV Jacksonville LLC ("**Defendant**"), hereby answers the Complaint ("**Complaint**") filed by Plaintiff, Janet Hoyt ("**Plaintiff**"), as follows:

## ANSWER TO JURISDICTION AND VENUE

1.    In answer to Paragraph 1 of the Complaint, Defendant admits that Plaintiff's Complaint purports to bring this action under 42 U.S.C. § 12181, *et seq.*, (the "ADA"), and admits for jurisdictional purposes only that this Court has original jurisdiction. Further answering, Defendant denies that Plaintiff has any right to maintain this action and further denies that Plaintiff is entitled to any of the relief sought.

2.    In answer to paragraph 2 of the Complaint, Defendant admits that venue in this district court appears proper at this time, but denies that Plaintiff is entitled to any relief in this action.

## ANSWER TO PARTIES

3.    In answer to Paragraph 3 of the Complaint, Defendant states that it lacks

50556070;3

information and knowledge necessary to form a belief as to Plaintiff's allegations, and on that basis denies the allegations of said paragraph.

4. In answer to paragraph 4 of the Complaint, Defendant admits that it has an ownership interest in the real property located at or about 10605 Deerwood Park Boulevard, Jacksonville, Florida 32256 (the **"Subject Property"**). Defendant denies the remaining allegations set forth in Paragraph 4 of the Complaint.

5. In answer to Paragraph 5 of the Complaint, Defendant admits that the Subject Property is a place of public accommodation, but denies that it has committed any act or omission giving rise to any liability.

6. In answer to paragraph 6 of the Complaint, Defendant admits that it is authorized to conduct and is conducting business within the state of Florida.

7. In answer to paragraph 7 of the Complaint, Defendant states that it lacks information and knowledge necessary to form a belief as to Plaintiff's allegations, and on that basis denies the allegations of said paragraph.

8. In answer to paragraph 8 of the Complaint, Defendant states that it lacks information and knowledge necessary to form a belief as to Plaintiff's allegations, and on that basis denies the allegations of said paragraph.

9. In answer to paragraph 9 of the Complaint, Defendant states that it lacks information and knowledge necessary to form a belief as to Plaintiff's allegations regarding her purported "qualified disability" and visit to the Subject Property, and on that basis denies the allegations of said paragraph. Defendant denies the remainder of the allegations of said paragraph.

10. In answer to paragraph 10 of the Complaint, Defendant states that it lacks information and knowledge necessary to form a belief as to Plaintiff's allegations of any intent to return to the Subject Property, and on that basis denies the allegations of said paragraph. Defendant denies the remainder of the allegations of said paragraph.

11. In answer to paragraph 11 of the Complaint, Defendant denies the allegations of said paragraph.

12. In answer to paragraph 12 of the Complaint, Defendant denies the allegations of said paragraph.

13. In answer to paragraph 13 of the Complaint, Defendant denies the allegations of said paragraph.

14. In answer to paragraph 14 of the Complaint, Defendant lacks information and knowledge necessary to form a belief as to Plaintiff's allegations, and on that basis denies the allegations of said paragraph.

15. In answer to paragraph 15 of the Complaint, Defendant lacks information and knowledge necessary to form a belief as to Plaintiff's allegations of any intent to return to the Subject Property, and on that basis denies the allegations of said paragraph. Defendant denies the remainder of the allegations of said paragraph.

**ANSWER TO VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT**

16. In answer to paragraph 16 of the Complaint, Defendant hereby incorporates by reference each admission, denial, and each denial on information and belief, as well as all explanations regarding those allegations, made in response to all previous paragraphs as though fully set forth herein.

17. In answer to Paragraph 17 of the Complaint, Defendant states that the ADA and its implementing regulations each speak for themselves, and thus a response is not required. To the extent a response is required, same is denied.

18. In answer to paragraph 18 including subparagraphs (a) – (e) of the Complaint, Defendant states that the ADA and its implementing regulations each speak for themselves, and thus a response is not required. To the extent a response is required, same is denied.

19. In answer to paragraph 19 including subparagraphs (a) – (c) of the Complaint, Defendant states that the ADA and its implementing regulations each speak for themselves, and thus a response is not required. To the extent a response is required, same is denied.

20. In answer to Paragraph 20 of the Complaint, Defendant admits that the Subject Property is a place of public accommodation that provides services to the public and is covered by the ADA, but denies that it has committed any act or omission giving rise to any liability. Further, Defendant states that ADA and its implementing regulations each speak for themselves, and thus a response is not required. To the extent a response is required, same is denied.

21. In answer to Paragraph 21 of the Complaint, Defendant states that Paragraph 21 calls for a legal conclusion, and that the ADA and its implementing regulations each speak for themselves and therefore a response is not required. To the extent a response is required, same is denied.

22. In answer to Paragraph 22 of the Complaint, Defendant states that it is without information and knowledge necessary to form a belief as whether Plaintiff has visited the Premises, and therefore, denies same. Defendant denies the remainder of the allegations of said

paragraph.

23. In answer to paragraph 23 of the Complaint, Defendant denies the allegations of said paragraph.

24. In answer to Paragraph 24 of the Complaint, Defendant states that it is without information and knowledge necessary to form a belief as whether Plaintiff will return to the Subject Property, and therefore, denies same. Defendant denies the remainder of the allegations of said paragraph.

25. In answer to paragraph 25 of the Complaint, Defendant states that the ADA and its implementing regulations each speak for themselves, and thus a response is not required. To the extent a response is required, same is denied.

26. In answer to Paragraph 26, including subparagraphs (a) – (h) of the Complaint, Defendant states that Paragraph 26 calls for a legal conclusion, and that the ADA and its implementing regulations each speak for themselves and therefore a response is not required. To the extent a response is required, same is denied.

27. In answer to Paragraph 27, including subparagraphs (a) of the Complaint, Defendant states that Paragraph 27 calls for a legal conclusion, and that the ADA and its implementing regulations each speak for themselves and therefore a response is not required. To the extent a response is required, same is denied.

28. In answer to paragraph 28 of the Complaint, Defendant states that said paragraph contains conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations of said paragraph.

29. In answer to Paragraph 29 of the Complaint, Defendant states that it is without

information and knowledge necessary to form a belief as to Plaintiff's beliefs and knowledge, and therefore, denies same. As to the remaining allegations, Defendant states that those allegations call for a legal conclusion and therefore a response is not required. To the extent a response is required, same is denied.

30. In answer to paragraph 30 of the Complaint, Defendant states that said paragraph contains conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations of said paragraph.

31. In answer to Paragraph 31 of the Complaint, Defendant states that Paragraph 31 calls for a legal conclusion, and that the ADA and its implementing regulations each speak for themselves and therefore a response is not required. To the extent a response is required, same is denied.

32. In answer to Paragraph 32 of the Complaint, Defendant states that Paragraph 31 calls for a legal conclusion, and that the ADA and its implementing regulations each speak for themselves and therefore a response is not required. To the extent a response is required, same is denied.

33. In answer to Paragraph 33 of the Complaint, Defendant states that Paragraph 31 calls for a legal conclusion, and that the ADA and its implementing regulations each speak for themselves and therefore a response is not required. To the extent a response is required, same is denied.

34. In answer to Paragraph 34 of the Complaint, Defendants states that it lacks information and knowledge necessary to form a belief as to Plaintiff's allegations regarding her retention of counsel and therefore denies the allegations set forth therein, and further denies

that Plaintiff is entitled to any recovery of "attorneys' fees, costs, and expenses" from Defendant.

35. In answer to paragraph 35 of the Complaint, Defendant states that said paragraph contains conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations of said paragraph.

36. In answer to paragraph 36 of the Complaint, Defendant states that said paragraph contains conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations of said paragraph.

37. In answer to Paragraph 37 of the Complaint, Defendant admits that the Court is vested with authority to grant the relief requested, but denies that Plaintiff has any right to maintain this action and further denies that Plaintiff is entitled to any of the relief sought in Paragraph 37 of the Complaint.

38. Defendant denies that Plaintiff is entitled to any of the relief requested in the unnumbered "WHEREFORE" clause following Paragraph 37 of the Complaint, including subparagraphs (1)-(5) thereto.

## GENERAL DENIALS

Defendant denies each and every allegation and prayer for relief of the Complaint not specifically admitted herein. Defendant further denies that Plaintiff has any valid cause of action or is entitled to any form of relief from Defendant.

## **AFFIRMATIVE DEFENSES**

Without admitting liability or the burden of proof as to any of Plaintiff's allegations, Defendant states as its affirmative defenses the following:

50556070;3

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has demanded modifications to the property that are not readily achievable, are technically infeasible, are structurally impracticable and/or are not required under the ADA.  To the extent that elements of the building do not comply with the corresponding elements in the ADA guidelines and/or barriers to accessibility exist, such compliance is not readily achievable, is technically infeasible, and/or is structurally impracticable.

### SECOND AFFIRMATIVE DEFENSE

To the extent that elements of the building do not comply with the corresponding elements in the ADA guidelines, such differences are within conventional building industry tolerances for field conditions.

### THIRD AFFIRMATIVE DEFENSE

To the extent that particular building elements do not comply exactly with the corresponding elements in the ADA guidelines, such elements provide substantially equivalent or greater access to and usability of the facility and services have been made available through permissible alternative methods.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred, in whole or in part, to the extent that Plaintiff seeks alterations and accommodations which would fundamentally alter the nature of the goods, services, facilities, privileges, advantages or accommodations being offered, would create an undue burden on Defendant, or would pose a significant risk to the health or safety of individuals with disabilities or others.

FIFTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to bring this action in that Plaintiff has no intention of availing herself of the goods and services of the place of public accommodation at issue.

RESERVATION OF RIGHTS

Defendant reserves the right to add additional affirmative or to delete or withdraw such affirmative defenses as may become necessary at any time during the course of this litigation and after a reasonable opportunity for appropriate discovery.

**WHEREFORE**, Defendant, RBVH Jacksonville LLC d/b/a Sheraton, having responded to the allegations set forth in Plaintiff's Complaint, respectfully requests that this Court dismiss the Complaint *with prejudice,* enter judgment in favor of Defendant, and award any such other relief that this Court deems just and proper.

Dated: October 23, 2019                                       Respectfully submitted,

By:/s/ *Arlene K. Kline*
ARLENE K. KLINE
Florida Bar No.: 104957
arlene.kline@akerman.com
**AKERMAN LLP**
777 South Flagler Drive
Suite 1100 West Tower
West Palm Beach, FL 33401
Main: (561) 653-5000
Fax: (561) 659-6313

*and*

MELISSA TORRES
Florida Bar No.: 1002646
Email: melissa.torres@akerman.com
**AKERMAN LLP**
401 E. Jackson Street, Suite 1700
Tampa, FL 33602
Main: (813) 223-7333

9

        Fax: (813) 223-2837

        *Counsel for Defendant, RBHV Jacksonville LLC d/b/a Sheraton*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 23, 2019, foregoing document is being served on all counsel of record or *pro se* parties identified on the below Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

        By: /s/ *Arlene K. Kline*
            ARLENE K. KLINE
            Florida Bar No.: 104957

## SERVICE LIST

*Janet Hoyt v. RBHV Jacksonville LLC d/b/a Sheraton*
*Case No.: 3:19-cv-01001-BJD-PDB*

**United States District Court, Middle District of Florida**
**Jacksonville Division**

Jason S. Weiss, Esq.
Weiss Law Group, P.A.
5531 N. University Drive, Suite 103
Coral Springs, Florida 33067
Telephone: (954) 573-2800
Facsimile: (954) 573-2798
Email: jason@jswlawyer.com

*Attorneys for Plaintiff*
*Served via CM/ECF*

50556070;3